Irving B. Kendall, J.
On March 18, 1969, the Office of Rent Administration, Division of Housing and Community Renewal, hereinafter referred to as the State Rent Commission, commenced an action for an alleged rent overcharge on behalf of the plaintiff tenant against defendant landlord for the period commencing April 1,1967.
*55 On July 14, 1970, while the proceedings brought by the State Rent Commission were still pending, this rent overcharge action was commenced in this court by the tenant against the landlord for triple damages and counsel fees.
Upon the opening of the trial of this action, the attorneys stipulated that the only issue before this court would be the tenant’s attorney’s entitlement to counsel fees in this litigation.
The court finds that the landlord is not liable for counsel fees incurred by the tenant, and the plaintiff’s complaint is accordingly dismissed, without costs.
Since the plaintiff’s action was commenced subsequent to that of the State Rent Commission, it was specifically barred by statute. Subdivision 5 of section 11 of the Emergency Housing Rent Control Law (L. 1946, ch. 274, as amd. by L. 1966, ch. 706) reads in part as follows: “ If any landlord who receives rent from a tenant violates a regulation or order prescribing maximum rent with respect to the housing accommodations for which such rent is received from such tenant, and such tenant either fails to institute an action under this subdivision within thirty days from the date of the occurrence of the violation or is not entitled for any reason to bring the action, the commission may institute an action on behalf of the state within such two-year period. If such action is instituted by the commission, the tenant affected shall thereafter be barred from bringing an action for the same violation or violations.” (Emphasis supplied.)
Plaintiff cannot recover legal fees incurred by her in an action which was barred at its very inception.